# JEREMY GUTMAN
ATTORNEY AT LAW
**521 FIFTH AVENUE, 17TH FLOOR**
**NEW YORK, NEW YORK 10175**

(212) 644-5200                                                                                                      JGUTMAN@JEREMYGUTMAN.COM

May 10, 2024

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    United States v. Juvanie Crossgill
                 <u>22 Cr. 106 (LDH)</u>

Dear Judge DeArcy Hall:

     On behalf of my client, Juvanie Crossgill, I am writing, with the consent of the government and the Pretrial Services Agency, to request that the Court modify the conditions of his release by changing his location monitoring condition from home detention to Stand-Alone-Monitoring ("SAM").

     Under the current conditions, Mr. Crossgill is not permitted to travel outside New York City and Long Island without the Court's permission and he is restricted to his home other than during set hours that allow him to travel to and from his place of employment. Other than in the event of a medical emergency, all other departures from his home, such as for attorney visits or medical appointments, require advance approval from Pretrial, usually on 48 hours notice. Under SAM, Mr. Crossgill would remain subject to the same geographical restrictions and would continue to wear a GPS location monitor at all times, but he would no longer be subject to a curfew or need to obtain permission to leave his home at other times.

     The requested change will eliminate an aspect of Mr. Crossgill's release conditions that has interfered with his ability to fulfill his duties as a diesel mechanic employed by a trucking company. Because he works a late shift that ends when the Pretrial Services office is closed, it is not possible for him to extend or change his hours when a project cannot be completed during his shift or when his employer requests for him to work overtime or fill in for another employee during a different shift. Another reason for the change is that it will make it easier for him to schedule the appointments needed to treat

Hon. LaShann DeArcy Hall
September 26, 2022
Page 2

his asthma, prediabetes, and other medical conditions, as well as to leave his apartment for exercise and other physical activity as recommended by his doctors. The proposed change will also facilitate the ability to schedule attorney visits, which will need to occur with some frequency as we prepare for sentencing.

      Under 18 U.S.C. § 3142(c)(3), the Court is authorized to amend conditions of release at any time, and we believe the proposed change is consistent with the Bail Reform Act's requirement that release should be subject to the "least restrictive" conditions that will reasonably assure the person's appearance and the safety of the community [§ 3142(c)(1)(B)]. Assistant United States Attorney Tara McGrath has advised me that the government has no objection to our request provided that Pretrial approves, and Pretrial Services Officer Christian Berzak has advised me that his agency does not object to changing Mr. Crossgill's condition to stand-alone-monitoring with GPS.

      Thank you for your consideration of this request.

                              Respectfully,

                              /s/
                              Jeremy Gutman
                              *Attorney for Defendant*
                              *Juvanie Crossgill*

cc.    Tara McGrath
       Chand Edwards-Balfour
       Rebecca Shuman
       *Assistant United States Attorney* (by ECF)

       Christian Berzak
       *United States Pretrial Services Officer* (by email)