# SHER TREMONTE LLP

September 24, 2024

**VIA ECF AND EMAIL**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Marcus Ricketts, et al.*,
              Case No. 22-CR-106 (LDH)

Dear Judge DeArcy Hall:

    We write on behalf of our client, Jonathan Goulbourne, to update the Court regarding our meet-and-confer with Matthew J. Modafferi, Esq., counsel for Lt. Stedman Ferguson. As background, at the May 1, 2024 hearing, Your Honor expressed suspicion in the re-write of an incident report that occurred "after Mr. Biale complained about [his client's] placement or references [his client's] placement in the SHU." Tr. 49:15-22. At the September 13, 2024 status conference, Mr. Modafferi noted that his client's involvement in the incident report and any re-write occurred prior to counsel's complaint. Following the September 13, 2024, Mr. Biale and Mr. Modafferi had a meet-and-confer. Based on Mr. Modafferi's proffer and records he provided to the undersigned, we understand the facts to be as follows:

- On April 23, 2024, at 2:20 PM, Nurse Ivan Bocardo submitted an incident report in the MDC computer system detailing an interaction with Mr. Goulbourne regarding his medication (the "Original Incident Report"), which included the statement that Mr. Goulbourne allegedly told Nurse Bocardo "He was going to get me" and "I am also going to tell my lawyer to get you." At 3 PM, Lt. Ferguson retrieved the Original Incident Report from the system and delivered it to Mr. Goulbourne.
- Lt. Ferguson then commenced an investigation, which included providing a copy of the Original Incident Report to Mr. Goulbourne. Mr. Goulbourne stated to Lt. Ferguson, "I never said that this is a lie." Lt. Ferguson reported that Mr. Goulbourne's "attitude was fair."
- On April 24, 2024, at 6:12 AM, Lt. Ferguson completed his investigation and found, "Based on the information provided in . . . this report inmate Goulbourne has been inappropriately charged." Lt. Ferguson would testify that he had been inappropriately charged because the statement in

- the incident report was insufficient and there is no such thing as an attempted threat.
- Lt. Ferguson then selected from a drop-down menu of actions to be taken in the computer system. He intended to select the action that states, in substance, "referred for re-write or expungement," but accidentally and erroneously selected "Incident Report referred to UDC [Unit Disciplinary Committee]. Investigation/evidence supports charges. Inmate remains in Special Housing Unit." Nevertheless, Lt. Ferguson would testify that he in fact sent the report in the system back to Nurse Bocardo for a rewrite.
- Lt. Ferguson would testify that he had no further involvement in the Original Incident Report and the revision to that report.
- On April 24, 2024, at 3:06 PM, the undersigned sent the email to Sophia Papapetru and Irene Chan of the MDC Legal Department that first raised concerns about Mr. Goulbourne's medical treatment.
- On April 25, 2024, at 7:02 AM, Nurse Bocardo rewrote the incident report and added that Mr. Goulbourne said to him "Am going to fuck you up" (the "Revised Incident Report.").
- The Revised Incident Report was delivered to Mr. Goulbourne by a different lieutenant, Lt. L. Compton, on April 25, 2024, at 9:14 AM.
- Lt. Compton stated in his write-up of his investigation, "Inmate Jonathan Goulbourne . . . was asked if these actions in the description of this incident report were accurate, inmate Jonathan Goulbourne . . . confirmed his actions."
- Lt. Compton completed his investigation at 10:04 AM on April 24, 2024, found that Mr. Goulbourne had been appropriately charged, and referred the Revised Incident Report to the UDC.
- The UDC interviewed Mr. Goulbourne, who stated as to the Revised Incident Report, "This is perjury and it's a lie. I didn't say any of this."
- On April 29, 2024, at 7:20 AM the UDC referred the Revised Incident Report to the Disciplinary Hearing Officer, who ultimately sustained the charge.

Based on the foregoing, and given that Lt. Ferguson's involvement appears to have concluded before the undersigned wrote to MDC Legal, we leave it to the Court's discretion whether Lt. Ferguson is an appropriate witness for the hearing; or whether other witnesses, such as Nurse Bocardo and Lt. Compton, would be necessary or more appropriate in assisting the Court to determine what occurred with respect to the two Incident Reports.

                                        Respectfully submitted,

                                        /s/ *Noam Biale*
                                        Noam Biale
                                        Martin Njoroge

                                        *Attorneys for Jonathan Goulbourne*

cc:     All counsel (via ECF)