Elizabeth Wolstein
Partner

212 612-0688
ewolstein@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

April 4, 2025

BY ECF FILING

Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

            Re:    *U.S. v. Goulbourne*, 22-cr-106 (LDH)

Dear Judge DeArcy Hall:

We represent non-party Marilyn Garcia, who appeared as a witness at the evidentiary hearing conducted on January 13, 2025, for the purpose of investigating aspects of defendant Jonathan Goulbourne's medical care at the Metropolitan Detention Center Brooklyn (the "MDC"). We write respectfully on behalf of the Federal Bureau of Prisons ("BOP") and all of the BOP employees who appeared as witnesses at the hearing, in response to Mr. Goulbourne's letter dated April 1, 2025 (the "April 1 Letter," ECF No. 434), urging the Court to "disregard" pages from Mr. Goulbourne's medical records provided by the Brooklyn Hospital Center, and referenced in the non-parties' proposed findings of fact, as "irrelevant" and because they were not formally moved into evidence. Mr. Goulbourne's arguments are without merit and should be rejected.

The Brooklyn Hospital Center records (the "Brooklyn Hospital Records"), which bear Bates numbers DNJ0164—0389, were produced in response to a subpoena from Mr. Goulbourne. *See* Exhibit A hereto (DNJ0165-66). The Hospital certified them as the "full and complete" records that were "made in the regular course of business of this Institution and it is in the regular course of business of this Institution to make such record, and such record was made at the time of the condition, act, transaction, occurrence or event, or within a reasonable time thereafter." *See* Exhibit B hereto (DNJ0164). Accordingly, the Brooklyn Hospital Records are admissible as business records and there is no question as to their authenticity. The April 1 Letter acknowledges that Mr. Goulbourne possesses the Brooklyn Hospital Records and produced them to the non-parties.

Mr. Goulbourne's counsel, Noam Biale, relied on the Brooklyn Hospital Records in cross-examining Dr. Bialor. Tr. 84:14-16 (Dr. Bialor answering yes to question "In preparation for your testimony did you review all of the records from the Brooklyn Hospital Center?"). He attempted to elicit from Dr. Bialor agreement with a reference on one page of the records to a

Honorable LaShann DeArcy Hall
April 4, 2025
Page 2

diagnosis of "complicated appendicitis." Tr. 85:14-21. However, Dr. Bialor testified that the word "complicated" was a transcription error because Mr. Goulbourne's appendectomy was not in fact complicated and there were other pages within the Brooklyn Hospital Records, which Mr. Biale established Dr. Bialor reviewed in their entirety, stating that the appendicitis was uncomplicated. Tr. 85:22 – 86:11; 91:12 – 92:4.

Dr. Bialor's counsel provided a cite to the Brooklyn Hospital Records' contents that Dr. Bialor was referencing, saying "Your Honor, it's TBHC00052," and indicated that she could not "pull it up" at that moment. Tr. 91:22 – 92:2. The Court responded, "No, I don't expect you to in this moment. That's fine. But you guys are going to be given a wonderful opportunity to do that because you guys are going to sum up all this testimony for me, so don't you worry." Tr. 92:1-9. TBHC000052 is DN000215, a page from the Brooklyn Hospital Records stating that Mr. Goulbourne had a "laparoscopic appendectomy for acute uncomplicated appendicitis." The nonparties' proposed findings of fact cited a page from the Brooklyn Hospital Records (DNJ000222) making the identical statement.

In short, evidence from the Brooklyn Hospital Records was offered at the hearing in response to Mr. Goulbourne's use of the Brooklyn Hospital Records on the same point (complicated vs. uncomplicated appendicitis). The full set of Brooklyn Hospital Records is admissible and Mr. Goulbourne relied on one page without the context of other pages that state the opposite fact. In lieu of allowing it to be shown at the hearing, the Court informed Dr. Bialor's counsel that the document could be presented in the summary of testimony the Court was intending to direct the non-parties to submit. Far from being "irrelevant," DNJ000222 is directly relevant to the appropriateness of the medical treatment the MDC provided upon Mr. Goulbourne's return from the hospital and contradicts the narrative Mr. Goulbourne advanced in his April 24, 2024 email to the MDC and April 30, 2024 letter to the Court. There is no cognizable prejudice to Mr. Goulbourne, and the April 1 Letter does not claim any.[1]

---

[1] The April 1 Letter also urges the Court to disregard references to Mr. Goulbourne's SHU ticket (DNJ0395–DNJ0400) in the non-parties' proposed findings of fact. The court should reject that request. Mr. Biale had possession of the SHU ticket prior to the evidentiary hearing. (April 1 Letter, at 1.) Thus, as with references to the Brooklyn Hospital Records, references to the SHU ticket do not prejudice Mr. Goulbourne. We referenced the SHU ticket in our proposed findings of fact for completeness of the record.

Honorable LaShann DeArcy Hall
April 4, 2025
Page 3


Respectfully,

*/s/ Elizabeth Wolstein*

Elizabeth Wolstein

cc:     All counsel of record (by ECF filing)